IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLI ANTONIO SANTANA<br>    PLAINTIFF<br><br>JANINE L. QUIGLEY, IN HER OFFICIAL CAPACITY, AS WARDEN, IN THE BERKS COUNTY JAIL SYSTEM, CHIEF DEPUTY WARDEN SMITH, IN HIS OFFICIAL CAPACITY, K. KENNETH BROWN, IN HIS OFFICIAL, CAPTAIN CASTRO, IN HIS OFFICIAL CAPACITY, S.O.G. OPERATOR DEW, IN HIS OFFICIAL CAPACITY, S.O.G. OPERATOR AMNEYHOWER, IN HIS OFFICIAL CAPACITY:   DEFENDANTS | CIVIL CASE NO: 20-CV-1226<br>Jury Trial Demanded |

## AMENDED COMPLAINT

### I. JURISDICTION AND AVENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42. U.S.A. SECTION §1983, TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW, OF THE RIGHT SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 42. U.S.A. SECTION 1331 AND 1343 (A) (3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 42. U.S.C. SECTION 2201 AND 2202. PLAINTIFF CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28. U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. THE EASTERN DISTRICT IS AN APPROPRIATE VENUE UNDER 28. U.S.C. SECTION 1329 (B) (2) BECAUSE THIS IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

### II. PARTIES

3. PLAINTIFF, NICOLI ANTONIO SANTANA, IS AND WAS AT ALL TIMES HEREIN WAS CONFINED IN THE BERKS COUNTY JAIL SYSTEM (BCJS) FROM 8/29/2017 TO 2/19/2019. HE WAS A PRETRIAL DETAINEE. HE IS NOW CONFINED IN S.C.I. FOREST, MARIENVILLE, PENNSYLVANIA.

4. DEFENDANT, <u>JANINE L. QUIGLEY</u>, IS THE WARDEN OF BERKS COUNTY JAIL SYSTEM (BCJS). SHE IS THE POLICY MAKER OF THE BERKS COUNTY JAIL SYSTEM WHO IS LEGALLY RESPONSIBLE FOR THE OPERATIONS AND WELFARE OF ALL THE PRISONERS IN THE BERKS COUNTY JAIL SYSTEM. SHE IS BEING SUED IN HER OFFICIAL CAPACITY.

5. DEFENDANT, <u>CHIEF DEPUTY WARDEN SMITH</u>, IS THE DEPUTY WARDEN OF THE BERKS COUNTY JAIL SYSTEM. HE IS RESPONSIBLE FOR SUPERVISING STAFF IN THE BERKS COUNTY JAIL SYSTEM. HE IS BEING SUED IN HIS OFFICIAL CAPACITY.

6. DEFENDANT, <u>K. KENNETH BROWN</u>, IS THE ASSISTANT DISTRICT ATTORNEY, OF BERKS COUNTY. HE IS BEING SUED IN HIS OFFICIAL CAPACITY.

7. DEFENDANT, <u>CAPTAIN CASTRO</u>, IS A CORRECTIONAL OFFICER IN BERKS COUNTY JAIL. HE IS BEING SUED IN HIS OFFICIAL CAPACITY.

8. S.O.G. OPERATOR DEW IS A CORRECTIONAL OFFICER IN THE BERKS COUNTY JAIL SYSTEM. HE IS BEING SUED IN HIS OFFICIAL CAPACITY.

9. S.O.G. OPERATOR AMNEYHOWER IS A CORRECTIONAL OFFICER IN THE BERKS COUNTY JAIL. HE IS BEING SUED IN HIS OFFICIAL CAPACITY.

10. EACH DEFENDANT IS SUED IN HIS OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

III. FACTS

11. ON MARCH 2ND, 2018, AT APPROXIMATELY 8:05AM.; S.O.G. OPERATOR DEW AND S.O.G. OPERATOR AMNEYHOWER CAME TO PLAINTIFFS CELL (I-20) AND CONDUCTED A SEARCH.

12. PLAINTIFF ASKED BOTH CORRECTION OFFICERS, WHY ARE YOU SEARCHING MY CELL? THEY REPLIED, "WE WERE SENT ON THE DIRECTIONS AND THE AUTHORITY FROM THE ADMINISTRATIVE STAFF, AND ON THE ORDERS OF (MR. K. KENNETH BROWN) THE ASSISTANT DISTRICT ATTORNEY" TO CONFISCATE (ALL) PAPER WORK IN YOUR POSSESSION.

13. PLAINTIFF ASKED THESE OFFICER(S) (DEW AND AMNEYHOWER) DO THEY HAVE A SEARCH WARRANT TO CONDUCT A "SEARCH AND SEIZURE" OF HIS PAPER WORK? THEY STATED; "THAT THEY WERE WITHIN THEIR AUTHORITY TO CONFISCATE MY PAPERWORK"!

14. PLAINTIFF WAS DENIED THE RIGHT TO BE PRESENT DURING THE SEARCH AND WAS NOT PRESENTED A SEARCH WARRANT AUTHORIZED BY THE COURT TO CONDUCT SUCH, "SEARCH AND SEIZURE BY LAW".

15. AFTER THE SEARCH AND SEIZURE WAS COMPLETED, OFFICER'S DEW AND AMNEYHOWER, EXIT THE CELL CARRYING A STACK OF THE PLAINTIFFS LEGAL DOCUMENTS AND OTHER PAPER(S). ONCE THE CELL SEARCH AND THE CONFISCATION OF MY DOCUMENTS WAS COMPLETED I WAS PLACED BACK IN MY CELL.

16. UPON INVENTORY OF MY PROPERTY, PLAINTIFF RECOGNIZED THAT (ALL) OF HIS LEGAL DOCUMENTS AND CORRESPONDENCE LETTER(S) WERE MISSING! PLAINTIFF INFORMED THESE DEFENDANTS (DEW AND AMNEYHOWER) THAT THEY HAD CONFISCATED (LEGAL PAPERS) THAT ARE FROM HIS ATTORNEY AND FROM THE COURT. ADDITIONAL PAPERS WERE CONFISCATED WITH NO JUSTIFICATION! CORRESPONDING PAPERS THAT PLAINTIFF INTENTED TO SEND TO HIS ATTORNEY THAT PERTAINED TO HIS CASE AND STRATEGY OF HIS DEFENSE, AND OTHER LEGAL AND PERSONAL LETTERS TO HIS WIFE.

17. PLAINTIFF WAS ADVISED BY (S.O.G. OPERATOR DEW) TO ADDRESS THIS MATTER AND ANY OTHER CONCERNS ON A GRIEVANCE. DEFENDANT DEW AND AMNEYHOWER PROCEEDED TO LEAVE THE BLOCK CARRYING ALL THE PLAINTIFFS LEGAL DOCUMENTS, AND OTHER RELATED PERSONAL, AND LEGAL LETTER(S).

18. APPROXIMATELY (2) TO (4) HOURS LATER, (DEFENDANT S.O.G. OPERATOR DEW) RETURNED WITH SOME OF THE PLAINTIFFS LEGAL DOCUMENTS. I QUESTIONED OPERATOR DEW, WHAT WAS THIS ALL ABOUT? **DEW** STATED; "HE WAS INSTRUCTED TO COPY ALL MY LEGAL MATERIAL". I ASKED DEW WHAT DID HE DO WITH MY COPIE(S), AND DEW STATED: "HE TURNED ALL THE PLAINTIFFS COPIES OVER TO THE (DEFENDER) **CHIEF DEPUTY WARDEN** (SMITH)".

19. S.O.G. OPERATOR DEW AND S.O.G. OPERATOR AMNEYHOWER (SEARCH AND SEIZURE) OF THE PLAINTIFFS LEGAL DOCUMENTS AND RELATED LETTERS WERE NOT FOR THE SECURITY OF THE BERKS COUNTY JAIL. INSTEAD, AS EXPLAINED BY (S.O.G. OPERATOR DEW AND AMNEYHOWER) BEFORE STARTING THEIR CELL SEARCH TO (CONFISCATE ALL MY LEGAL MATERIAL) WAS FOR THE SOLE PURPOSE OF PROVIDING LAW ENFORCEMENT A COPY AS EXPLAINED BY THESE TWO DEFENDANTS.

20. Defendants S.O.G. Operator Dew and S.O.G. Operator Annex-hower was not enforcing a policy, but enforcing a "Custom" that is a practice that is so Longstanding and well-settled "as to have the force of Law. (See Attached: Exhibit "A" — News paper clippings reporting issues of illegal search and seizures being conducted at the Berks County Jail System (BCJS) by S.O.G. operators at the request of the Defendant Assistant District Attorney K. Kenneth Brown).

21. **THESE TWO (2) DEFENDANTS:** THEIR ACTIONS VIOLATED PLAINTIFFS RIGHT TO ATTORNEY CLIENT PRIVILEGE "CONFIDENTIALITY" AND THIS WAS BROUGHT TO THEIR ATTENTION. PLAINTIFF INFACT INFORMED BOTH OF THESE (OFFICERS- DEFENDANTS) OF THE CONTENTS THAT THEY WERE CONFISCATING LEGAL DOCUMENTS FROM PLAINTIFFS ATTORNEY AND THE COURT. THAT THE SEIZURE OF THE DOCUMENTS WERE NOT PERMITTED BY LAW! NONETHELESS, THE DOCUMENTS WERE ILLEGALLY SEIZED, COPIED, AND TURNED OVER TO LAW ENFORCEMENT AND THE DISTRICT ATTORNEYS OFFICE.

22. On or about March 12, 2018, Defendant Captain Castro calls plaintiff to his office and returns some copies of plaintiff's Legal documents that he said "could be possibly construed as being Legal documents or Legal work."

23. PLAINTIFF DID INFORM (THE WARDEN) DEFENDANT, JANINE L. QUIGLEY, OF THIS CONSTITUTIONAL VIOLATION BY APPEAL. MS. QUIGLEY ACKNOWLEDGED THAT SHE KNEW ABOUT THE ILLEGAL SEARCH AND SEIZURE OF MY DOCUMENTS BEING COPIED, AND TURNED OVER TO LAW ENFORCEMENT, BUT YET, FAILED TO ACT AND/OR REMEDY THIS CONSTITUTIONAL VIOLATION OF PLAINTIFFS RIGHTS THAT WAS BEING COMITTED BY HER STAFF.

24. (WARDEN) JANINE L. QUIGLEY IS THE POLICY MAKER OF THE BERKS COUNTY JAIL. AND HER ACKNOWLEDGEMENT, CONDONING, ENFORCEMENT, AUTHORIZATION AND IMPLEMENTATION OF A "CUSTOM" THAT IS A PRACTICE, THAT IS SO LONGSTANDING AND WELL SETTLED AS TO HAVE THE FORCE OF LAW, WAS THE MOVING FORCE THAT LEAD TO THE CONSTITUTIONAL VIOLATIONS OF THE PLAINTIFFS RIGHTS BY HER STAFF AT THE BERKS COUNTY JAIL.

25. (DEFENDANT) CHIEF DEPUTY WARDEN SMITH, CONDONEMENT, ACTUAL KNOWLEDGE, AND ENFORCEMENT OF A "CUSTOM" THAT WAS A PRACTICE THAT IS SO LONGSTANDING AND WELL-SETTLED, AS TO HAVE THE FORCE OF LAW, DEFENDANTS DELIBERATE INDIFFERENCE TO A SUBSTANTIAL RISK OF SERIOUS CONSTITUTIONAL VIOLATIONS OCCURRING VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS TO ATTORNEY CLIENT PRIVILEGE AND RIGHT TO NOT BE SUBJECT TO "UNREASONABLE SEARCH AND SEIZURES" AND RIGHT TO AN "EXPECTATION OF PRIVACY", AND ENFORCEMENT OF SUCH CUSTOM WAS THE MOVING FORCE THAT LEAD TO THE DEPRIVATION OF THOSE GUARANTEED CONSTITUTIONAL RIGHTS SECURED BY THE UNITED STATES CONSTITUTION, that caused injury to the plaintiffs rights.

26. (DEFENDANT) ASSISTANT DISTRICT ATTORNEY, K. KENNETH BROWN, "UNLAWFUL AND UNETHICAL CONDUCT", VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS TO ATTORNEY CLIENT PRIVILEGE. THE RIGHT TO NOT BE SUBJECTED TO "UNREASONABLE SEARCH AND SEIZURES". AND A RIGHT TO AN EXPECTATION OF PRIVACY, WHEN HE SOLICITED THE HELP OF THE STAFF AT THE BURKS COUNTY JAIL SYSTEM TO PERFORM A WARRANTLESS SEARCH AND SEIZURES OF THE PLAINTIFFS CELL AND SEIZURE OF HIS LEGAL WORK AND CORRESPONDENCE LETTERS FOR LAW ENFORCEMENT PURPOSE.

27. SOME COURTS HAVE HELD THAT IF A SEARCH IS INITIATED BY [THE PROSECUTOR] FOR LAW ENFORCEMENT PURPOSE AND NOT BY PRISON OFFICIALS FOR SECURITY PURPOSE, PRISONERS DO RETAIN FOURTH AMENDMENT RIGHTS (THOUGH THEY ARE DEMINISHED IN SCOPE), A WARRANT IS REQUIRED. ▓

28. **DEFENDANTS DELIBERATE INDIFFERENCE**
FROM 8/29/19 TO 2/19/19, DEFENDANTS (WARDEN) JANINE L. QUIGLEY, CHIEF DEPUTY WARDEN SMITH, CAPTAIN CASTRO, S.O.G. OPERATOR DEW, AND S.O.G. OPERATOR AMNEYHOWER HAD ACTUAL OF A "CUSTOM" THAT WAS A PRACTICE THAT IS SO LONGSTANDING AND WELL-SETTLED AS TO HAVE THE FORCE OF LAW, WAS CONTINUOUSLY BE USED FOR LAW ENFORCEMENT PURPOSE AND NOT FOR SECURITY PURPOSE. THIS CUSTOM IS A PRACTICE, WAS LONGSTANDING, WELL SETTLED, PERVASIVE, AND APPARENT TO ANY KNOWLEDGABLE OBSERVER.

29. AS A RESULT OF THIS "CUSTOM," THAT IS A PRACTICE, THAT IS SO LONGSTANDING AND WELL SETTLED, AS TO HAVE THE FORCE OF LAW, THAT WAS BEING CONDONED, ACKNOWLEDGED AND ENFORCED, CREATED A CONSTITUTIONAL VIOLATION THAT CAUSED INJURY TO PLAINTIFFS RIGHTS SECURED BY THE UNITED STATES CONSTUTION. Defendants Warden Janine L. Quigley and Chief Deput Warden Smith exhibited deliberate indifference to a serious constitutional violation, where they failed to act to stop such violations being carried out by non-policy procedures by staff.

5

30. UPON INFORMATION AND BELIEF, STAFF AT THE BERKS COUNTY JAIL SYSTEM (BCJS) ARE STILL CONDUCTING ILLEGAL SEARCH AND SEIZURES FOR THE DISTRICT ATTORNEYS OFFICE AND USING A "CUSTOM" THAT IS PRACTICE AND CONDONED AND ENFORCED BY THE (WARDEN) DEFENDANT JANINE L. QUIGLEY, CHIEF DEPUTY WARDEN SMITH, CAPTAIN CASTRO, S.O.G. OPERATOR DEW, AND S.O.G. OPERATOR AMNEY-HOWER AND REQUEST FROM PROSECUTORS FOR LAW ENFORCEMENT PURPOSE AND NOT FOR SECURITY PURPOSE FOR THE BERKS COUNTY JAIL SYSTEM.

31. **EXHAUSTION OF LEGAL REMEDIES**
    PLAINTIFF HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES REGARDING THE MATTERS DESCRIBED IN THIS COMPLAINT!

32. **IV. LEGAL CLAIMS**
    PLAINTIFF RE-ALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 1-31.

    #1. THAT THE ACTIONS OF THE DEFENDANTS S.O.G. OPERATOR DEW, S.O.G. OPERATOR AMNEYHOWER AND CAPTAIN CASTRO EXHIBITED A DELIBERATE INDIFFERENT (SERIOUS CONSTITUTIONAL VIOLATION) OCCURRING BY ENFORCING A "CUSTOM" THAT WAS A PRACTICE THAT WAS SO LONGSTANDING AND WELL-SETTLED AS TO HAVE THE FORCE OF LAW AND WAS A MOVING FORCE THAT HAD VIOLATED PLAINTIFFS 1ST AND 4TH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES AND THIS UNCONSTITUTIONAL VIOLATION CAUSED INJURY TO THE PLAINTIFF.

    #2. (DEFENDANT) WARDEN MS. QUIGLEY, EXHIBITED DELIBERATE INDIFFERENCE TO THE PLAINTIFFS CONSTITUTIONAL RIGHTS BY CREATING A "CUSTOM" UNDER WHICH UNCONSTITUTIONAL PRACTICES WERE OCCURRING AND FAILED TO RESONABLY RESPOND OR REMEDY THE WRONG BEING COMMITTED BY SUBORDINATES UNDER HER SUPERVISION. HER FAILURE TO ACT AND SUPERVISE SUBORDINATES BY RETRAINING SUBORDINATES ON POLICY, PROCEDURES, AND NOT "CUSTOM" TO PREVENT CONSTITUTIONAL VIOLATIONS FROM OCCURRING.

    #3. (DEFENDANT) CHIEF DEPUTY WARDEN EXHIBITED DELIBERATE INDIFFERENCE TO THE PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE 1ST AND 4TH, AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES BY ENFORCING A **CUSTOM** THAT WAS LONGSTANDING AND WELL-SETTLED AS TO HAVE THE FORCE OF LAW THAT SERVED NO BERKS COUNTY JAIL PURPOSE, BUT FOR ONLY, THE PURPOSE OF THE LAW ENFORCEMENT.

#4. (DEFENDANT) K. KENNETH BROWN EXHIBITED DELIBERATE INDIFFERENCE TO PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE 1ST, AND THE 4TH, AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, BY INITIATING A SEARCH AND SEIZURE OF PLAINTIFFS LEGAL WORK AND CORRESPONDENCE LETTERS WITH THE STAFF AT THE BERKS COUNTY JAIL SYSTEM FOR LAW ENFORCEMENT PURPOSES WITHOUT OBTAINING A **(WARRANT)** AUTHORIZED BY THE COURT. THIS UNLAWFUL CONDUCT CAUSED INJURY TO THE PLAINTIFF.

33. PLAINTIFF (NICOLI ANTONIO SANTANA) HAS NO PLAIN ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS IN THIS MATTER UNLESS THE COURT GRANTS THE DELARATORY AND INJUNCTION RELIEF WHICH PLAINTIFF SEEKS.

### V. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF THE FOLLOWING:

34. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE CONSTITUTION & LAWS OF THE UNITED STATES.

35. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING STAFF AT THE BERKS COUNTY JAIL SYSTEM (BCJS) DEFENDANT (WARDEN) JANINE L. QUIGLEY, CHIEF DEPUTY WARDEN SMITH, THE ASSISTANT DISTRICT ATTORNEY, K. KENNETH BROWN, CAPTAIN CASTRO, S.O.G. OPERATOR DEW, AND S.O.G. OPERATOR AMNEYHOWER, TO CEASE FROM CONDUCTING ANY FURTHER UNLAWFUL (SEARCHES AND SEIZURES) WITHOUT PROPER AUTHORIZATION FROM THE COURT. IN ADDITION, ORDER THE ADMINISTRATIVE STAFF TO REVISE ALL POLICIE(S) RELATING TO CELL SEARCHES RELATING TO SECURITY. PROTECT ALL DETAINEES FROM "UNREASONABLE SEARCH AND SEIZURES" FOR LAW ENFORCEMENT PURPOSE.

36. COMPENSATION DAMAGES (COMPENSATORY) DAMAGES IN THE AMOUNT OF $100,000.00 DOLLARS AGAINST EACH DEFENDANT JOINTLY AND SEVERELY!

37. PUNITIVE DAMAGES IN THE AMOUNT OF $250,000.00 DOLLARS AGAINST EACH DEFENDANT!

38. A JURY TRIAL ON ALL ISSUES OF LAW THAT WARRANTS RELIEF BY A JURY!

39. PLAINTIFFS COURT COST IN THIS SUIT!

40. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE IN MONETARY VALUE.

## VERIFICATION

I, NICOLI ANTONIO SANTANA, HAVE READ THE FOREGOING COMPLAINT, AND HEREBY VERIFY THAT THE MATTERS ALLEGED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT FALSE STATEMENTS MADE ARE SUBJECT TO THE PENALTY OF PERJURY.

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE ENCLOSED COMPLAINT IS TRUE AND CORRECT!

EXECUTED AT SCI FOREST, MARIENVILLE PENNSYLVANIA ON SEPTEMBER 11, 2020.

DATE: 9/11/2018

THANK YOU
RESPECTFULLY
SUBMITTED,
X_____

Nicoli A. Santana
#NS-8665
SCI Forest
P.O. Box 945
286 Woodland Dr.
Marienville, PA 16239

TO: Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
Independence Mall West
601 Murk Street
Philadelphia, PA 19106