IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLI ANTONIO SANTANA,              :
    Plaintiff,                              :
                                            :        CIVIL ACTION
v.                                          :        NO. 20-CV-1226
                                            :
BERKS COUNTY JAIL SYSTEM, *et al.*,    :
    Defendants.                             :

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**　　　　　　　　　　　　　　　　　　October   14, 2022

    Defendants, Warden Janine L. Quigley, Chief Deputy Warden Smith, Assistant District Attorney, K. Kenneth Brown, Captain Castro, and S.O.G. Operator Dew ("Defendants"), move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to set forth a claim upon which relief can be granted. Plaintiff's Amended Complaint seems to assert claims for violation of his right to access the courts under the First Amendment against all Defendants in their official capacities only and the violation of his right to be free from unreasonable search under the Fourth Amendment against all defendants in their official capacities only.

    I.       **FACTUAL ALLEGATIONS**

    Between August 29, 2017, and February 19, 2019, Plaintiff was confined in the Berks County Jail System as a pre-trial detainee. On March 2, 2018, at approximately 8:05 a.m., S.O.G. Operator Dew ("Dew") conducted a search of Plaintiff's cell. Plaintiff represents that the search was conducted without a search warrant, and that he was denied the right to be present during the search. Plaintiff also alleges that the searching officers advised that the search was being conducted on the direction and authority from the administrative staff, and on the orders of Berks

1

County Assistant District Attorney, K. Kenneth Brown ("Brown"). Plaintiff next contends that upon being placed back in his cell and reviewing the remaining possessions, he determined that a large stack of papers, including legal documents, were removed by Dew during the search.

Plaintiff indicates that approximately two (2) to four (4) hours later, Dew returned to his cell with some of Plaintiff's legal documents, after Dew apparently turned over the originals to Chief Deputy Warden Smith. Plaintiff indicates that on March 12, 2018, Captain Castro returned copies of some of the documents confiscated by Dew during the search, indicating that they could possibly be construed as legal documents or legal work. Plaintiff indicates that he informed Warden Janine L. Quigley of the incident, after the fact, by way of an appeal, and that she and other members of BCJS leadership displayed deliberate indifference to violations of Plaintiff's constitutional rights.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) "[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

### III. DISCUSSION

Plaintiff's Amended Complaint was filed on September 18, 2020, and Defendants' Motion to Dismiss that Complaint was filed on January 8, 2021. Thereafter, on July 30, 2021, after Plaintiff failed to respond to the Motion to Dismiss, this Court entered an Order directing Plaintiff to show cause why the case should not be dismissed for his failure to prosecute. Plaintiff was informed that if he failed to respond to the show cause order, his case would be dismissed.

On August 16, 2021, Plaintiff responded to the show cause order and informed the Court that his place of incarceration was on lockdown due to the COVID-19 pandemic and he was therefore unable to access the law library. In response, the Court placed this matter in suspense and directed Plaintiff to file a status report within sixty (60) days. On November 23, 2021, Plaintiff filed a report stating that he was now able to access the library and asking for this case to be removed from suspense and for him to be give sixty (60) days to respond to Defendants' Motion to Dismiss. On April 19, 2022, the Court removed this matter from suspense, gave

Plaintiff sixty (60) days to respond to the Motion to Dismiss and instructed Plaintiff that if he fails to file said response, his case may be dismissed for failure to prosecute. On June 22, 2022, Plaintiff filed a motion for an extension of time to respond to the Motion, which the Court granted on June 29, 2022, giving Plaintiff an extra thirty (30) days to file his response, or until July 29, 2022. As of the date of this opinion, Plaintiff has neither filed a response nor requested more time to do so.

Plaintiff has failed to respond to the motion to dismiss filed by Defendants. Failure to make a timely response allows the court to treat a motion as uncontested. *Move Organization v. City of Philadelphia*, 89 F.R.D. 521, 523 (E.D. Pa. 1981). Further, there is no question that Plaintiff received a copy of the motion to dismiss, as well as the orders of this Court granting him extensions of time to file, as the docket entries show that the orders were served upon him at SCI Forest and as of the date of this opinion, Plaintiff remains incarcerated at SCI Forest. Plaintiff's response was due in July of 2022, and he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions];" *see also Celestial Community Development Corp., Inc., v. City of Philadelphia*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010)(Gardner, J.) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Nelson v. DeVry, Inc.*, 2009 WL 1213640 (E.D. Pa. April 23, 2009)(Jones, J.) ("Failure to address even part of a motion in a responsive brief may

result in that aspect of the motion being treated as unopposed."). Accordingly, Defendants' motion to dismiss is granted as unopposed.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted as unopposed and this matter will be dismissed.