IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLI ANTONIO SANTANA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 20-1226 |
| JANINE L. QUIGLEY, et al.<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## MEMORANDUM

**Schmehl, J.**   /s/ JLS                                                                       June 25, 2024

### I.   INTRODUCTION

Before the Court is a Motion for Leave of Court filed by Plaintiff, Nicoli Antonio Santana ("Plaintiff" or "Santana") to reopen First Amendment and Fourth Amendment claims against Defendants Janine L. Quigley, Berks County District Attorney K. Kenneth Brown, S.O.G. Operator Dew and other officials at the Berks County Jail System. Based on the parties' submissions, Plaintiff's Motion for Leave of Court will be denied, and this matter will remain closed.

### II.   BACKGROUND

Plaintiff first filed a complaint against Defendants on March 2, 2020. (ECF No. 1) Subsequently, Plaintiff filed a Motion to Proceed *in forma pauperis*, which was granted on July 1, 2020. (ECF No. 6) Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court examined each of Defendant's claims to determine if they plausibly stated a claim for relief. The majority of Plaintiff's claims were dismissed on July 1, 2020, with prejudice. (ECF No. 6, ¶ 5) Santana's claim against Defendants in their official capacity was dismissed without prejudice and he was given thirty days to file an amended complaint stating a plausible claim for relief. (ECF No. 6, ¶¶

1

7, 8) Santana's claim against District Attorney Brown and Correctional Officers Dew and Amneyhower was permitted to proceed because Plaintiff plausibly alleged a Fourth Amendment violation: "[t]aking the allegation in his Complaint as true, and it appearing for screening purposes that the search of Santana's cell may have been undertaken for reasons unrelated to prison security or the safety of the inmates. . . ." (ECF No. 5, p. 13)

Plaintiff filed an Amended Complaint on September 18, 2020. (ECF No. 10) Plaintiff alleged no additional facts or provided no further evidence to buttress his official capacity complaint and merely restated his allegation against Correctional Officers Dew and Amneyhower.[1]

Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on January 8, 2021. (ECF No. 17) Defendant stated two arguments to support its motion: 1) Plaintiff's First Amendment Access to Courts Claim should be denied; and 2) Plaintiff fails to state a claim for relief on Fourth Amendment grounds. (*Id.*, p. 9) After seeking repeated extensions, Plaintiff failed to respond to Defendant's Motion to Dismiss and this Court granted Defendant's motion as unopposed on October 14, 2022. (ECF No. 30)

Plaintiff filed an additional Amended Complaint on April 27, 2023, and a Motion for Leave of Court on October 11, 2023. (ECF Nos. 33, 37) Plaintiff seeks Leave of Court to restate his claims on violations of access to the courts, attorney-client privilege and an illegal search and seizure of his papers. (ECF No. 37, pp. 4-5)

Briefly, Plaintiff alleges that while he was in pre-trial detention in the Berks County Jail System, legal documents and other papers he had in his cell were seized by corrections officers at the behest of the Berks County District Attorney. (*Id.*, p. 2) Some documents were returned

---

[1] Defendant writes:"Berks County Jail System does not and has never employed a 'S.O.G. Operator Amneyhower.'" (ECF No. 17, p.4, n.1) Plaintiff makes no further reference to Amneyhower in his Motion for Leave of Court.

that day and copies of the remaining papers were returned the following week. (*Id.*, p. 3) Plaintiff seeks injunctive relief for the allegedly illegal searches conducted by jail officials and compensatory and punitive damages against each Defendant. (*Id.*, p. 5)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a complaint may be amended when the opposing party grants written consent or with the court's leave. (Fed. R. Civ. P. 15(a)(2)) A District Court may decide on whether to grant leave, or can deny a motion when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court.").

An "undue" delay is "protracted and unjustified." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *see Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d. Cir. 2001) ("Delay may become undue when a movant has had previous opportunities to amend a complaint.")). "A proposed amendment to a complaint is futile if the amended complaint would fail to state a claim for relief under Rule 12(b)(6)." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021).

### IV. DISCUSSION

Defendant opposes Plaintiff's Motion for Leave of court for the following reasons: 1) Plaintiff created an "undue delay" by waiting over six months to file his Amended Complaint; and 2) Plaintiff's motion should be denied on grounds of futility because he does not state a

viable claim for relief. For the reasons discussed more fully below, I find that Plaintiff's Motion for Leave of Court should be denied.

### A. Undue Delay

This Court dismissed Plaintiff's initial cause of action on October 14, 2022, after Plaintiff failed to file a response to Defendant's Motion to Dismiss. (ECF No. 30) Plaintiff filed his Motion for Leave of Court on October 11, 2023, nearly a year after this Court dismissed the Plaintiff's Complaint. (ECF No. 37)

"[D]elay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273. "The question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Id.* "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin*, 875 F.3d at 150 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).

Defendants oppose Plaintiff's motion based on Plaintiff's lengthy delay in filing and lack of newly discovered information in support of his claim. Plaintiff failed to file his amended complaint within thirty days of the June 29, 2022, deadline. Plaintiff provided no explanation for why he was unable to file before the deadline or why an additional Motion for Extension of Time was not sought.[2] However, Defendants fail to argue that permitting this motion would prejudice them in any way and focus on Plaintiff's delay in filing his Amended Complaint.

Nationally, courts have permitted delays as long as four years from when an initial complaint was filed. *See Tefft v. Seward*, 689 F.2d 637, 639-40 (6th Cir. 1982) (permitting an additional claim to be added to a suit four years after the initial filing); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205-206 (3d Cir. 2006) (stating that an eleven-month delay "was neither so

---

[2] A prior Motion for Extension of Time was granted by this Court on June 29, 2023. (ECF No. 26)

egregious nor unexplained as to warrant refusal of leave to amend."). However, unlike other cases where delays were excused, Plaintiff provides no explanation for why he was unable to file in a timely matter or seek an additional extension to file his Amended Complaint and Motion for Leave of Court.

Defendant's argument on undue delay fails based on the absence of evidence illustrating the potential prejudice faced by the Defendants named in the Amended Complaint. This is supported by the national consensus that delay alone is not sufficient to deny a Motion for Leave of Court.

**B.     Futility**

"An amendment is futile if it 'will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'" *Fletcher Partners, LLC v. Truist Bank*, 2020 U.S. Dist. LEXIS 164228, at *3 (E.D. Pa. 2020) (quoting *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997) ("In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Santana's Motion for Leave of Court alleges First and Fourth Amendment violations deriving from the search of his papers while he was detained in jail. These claims are identical to those Plaintiff asserted in his Amended Complaint.[3]

---

[3] This Court dismissed without prejudice Plaintiff's allegation that a "custom" exists of searching pre-trial detainees' cells at the direction of the Berks County District Attorney. (ECF 5, p.8) Plaintiff provides no additional facts or allegations in his Amended Complaints or his Motion for Leave of Court that supplement his claim to bring it beyond the realm of "conclusory." *See Iqbal*, 556 U.S. at 678. Neither Plaintiff nor Defendant mention this line of

egregious nor unexplained as to warrant refusal of leave to amend."). However, unlike other cases where delays were excused, Plaintiff provides no explanation for why he was unable to file in a timely matter or seek an additional extension to file his Amended Complaint and Motion for Leave of Court.

Defendant's argument on undue delay fails based on the absence of evidence illustrating the potential prejudice faced by the Defendants named in the Amended Complaint. This is supported by the national consensus that delay alone is not sufficient to deny a Motion for Leave of Court.

**B.     Futility**

"An amendment is futile if it 'will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'" *Fletcher Partners, LLC v. Truist Bank*, 2020 U.S. Dist. LEXIS 164228, at *3 (E.D. Pa. 2020) (quoting *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997) ("In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Santana's Motion for Leave of Court alleges First and Fourth Amendment violations deriving from the search of his papers while he was detained in jail. These claims are identical to those Plaintiff asserted in his Amended Complaint.[3]

---

[3] This Court dismissed without prejudice Plaintiff's allegation that a "custom" exists of searching pre-trial detainees' cells at the direction of the Berks County District Attorney. (ECF 5, p.8) Plaintiff provides no additional facts or allegations in his Amended Complaints or his Motion for Leave of Court that supplement his claim to bring it beyond the realm of "conclusory." *See Iqbal*, 556 U.S. at 678. Neither Plaintiff nor Defendant mention this line of

**First Amendment Claim**

As this Court wrote, "[t]o the extent Santana is attempting to assert a First Amendment denial of access to courts claim based upon the taking of his legal papers, he has not established a basis for a constitutional violation." (ECF 5, at 7) Plaintiff's Motion for Leave of Court fails to cite any relevant facts or advance any allegations to make this claim "plausible." Plaintiff is merely reconstituting a prior argument. He did not cure any deficiency in his First Amendment claim that this Court had not already dismissed with prejudice. Thus, Plaintiff will not be granted leave of Court to restate this unsubstantiated contention.

**Fourth Amendment Claim**

"Generally, challenges made to the search of a prison cell on Fourth Amendment grounds are not plausible because 'prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.'" ECF No. 5, p. 11 (citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984)). This Circuit has typically ruled that the *Hudson* precedent protects corrections officials conducting cell searches. *See Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013) ("Laurensau's claim that his Fourth Amendment rights were violated by an allegedly unconstitutional seizure of his property is meritless, as 'the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.'") (quoting *Palmer*, 468 U.S. at 530); *Humphrey v. Sec'y Pa. Dep't of Corr.*, 712 F. App'x 122, 125 (3d Cir. 2017) ("[T]o the extent Humphrey claimed that the seizure of his legal materials was a violation of the Fourth Amendment, he failed to state a claim for relief because the Fourth Amendment has no applicability to the contents of a prisoner's cell."); *Booth v. King*, 228 F. App'x 167, 169 (3d Cir. 2007) (affirming grant of Summary Judgment by the District

---

argument in their respective briefs, so this Court will consider Plaintiff's claim on official capacity dismissed with prejudice, as Santana failed to cure fatal errors in his initial complaint.

Court, which cited *Palmer* to find no Fourth Amendment right against a cell search resulting in permanently seized legal documents).

Plaintiff's Motion for Leave of Court states the same Fourth Amendment allegation he pled in his initial Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth." *Id.* at 681. No additional evidence or support is provided in Plaintiff's Motion for Leave of Court to establish a plausible basis for his allegation that the search and seizure of his papers was at the directive of the Berks County District Attorney. Nothing is argued to show that the search of Plaintiff's papers was outside the scope of activity this Circuit permits under *Palmer*.

Thus, Plaintiff is unable to state a viable claim for relief on Fourth Amendment grounds as he fails to demonstrate that he suffered a violation of any recognized right. Accordingly, Plaintiff's Motion for Leave of Court on this claim is denied on grounds of futility.

### V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Leave of Court is denied, and his matter remains closed. An appropriate order follows.